# King v. The State.

*Indictment for Murder.*

1. *Indictment for murder; when charge as to means of homicide may be in the alternative.*—Under the statute, when an offense may be committed by different means, it is permissible to charge the means by which the homicide is committed by alternative averments in one count.

2. *Same; same; sufficiency thereof.*—When the means by which an offense is committed are charged in the alternative, each alternative charged must describe the means with the same definiteness or particularity, as it required if the charge had been made in a separate count, unless it affirmatively appears in the indictment that the instrument or means used to effect the offense was unknown to the grand jury.

3. *Same; same; case at bar.*—An indictment which charges that the defendant unlawfully and with malice aforethought killed a certain named person "by hitting him or by striking him with a miner's pick, or by stabbing or cutting him with a knife, or with some sharp instrument to the grand jury unknown, against the peace and dignity of the State of Alabama," is sufficient and not subject to demurrer.

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon. DANIEL A. GREENE.

The defendant in this case, Sidney King, was indicted, tried and convicted for murder in the first degree and sentenced to be hanged.

The indictment under which the defendant was tried and convicted was as follows: "The grand jury of said county charge that before the finding of this indictment, Sidney King, unlawfully and with malice aforethought, killed Ocey Barron, alias Ocey Byron, by hitting him or by striking him with a miner's pick, or by stabbing him or cutting him with a knife, or with some sharp instrument to the grand jury unknown, against the peace and dignity of the State of Alabama."

To this indictment the defedant demurred upon several grounds, which may be summarized as follows: 1. That the averments of said indictment are repugnant in this, that it avers that said deceased was killed by being hit or struck with a miner's pick, or by being stabbed and cut with a knife, and also avers that said deceased was killed with same sharp instrument to the grand jury unknown. 2. That the averments of said indictment are repugnant in this, that it avers that the means or instrument with which the deceased was killed was known to the grand jury, to-wit, a miner's pick, or a knife, and also avers that the deceased was killed with some sharp instrument to the grand jury unknown. 3. That said indictment is vague, uncertain and indefinite in this, that it avers that said deceased was killed by being hit or struck with a miner's pick, or by being stabbed or cut with a knife, and also avers that said deceased was killed with some sharp instrument to the grand jury unknown. 4. That said indictment is vague, uncertain and indefinite, in this, that it avers that the means or instrument with which deceased was killed was known to the grand jury, and also avers that said means or instrument was unknown to the grand jury. 5. That said indictment is bad for duplicity in this, that it avers that the means or instrument with which deceased was killed was known to the grand jury, and also avers that the means or instrument was unknown to the grand

jury. The demurrer was overruled, and to this ruling the defendant duly excepted.

RUSSELL & LEWIS, for appellant.—An indictment which alleges that a name or fact is known to the grand jury, and also that it is unknown, is self-repugnant, and will not support a conviction.—*Jones v. The State*, 63 Ala. 27.

Facts or means unknown to the grand jury may be so alleged.—Code, §§ 4905, 4906, 4911.

When a fact or name is known or proved to the grand jury, there is no warrant in law for averring that such fact or name is unknown.—*James v. The State*, 115 Ala. 86.

If a fact is known to the grand jury they can not aver it as unknown.—*Terry v. The State*, 118 Ala. 79; *Duvall v. The State*, 63 Ala. 12.

MASSEY WILSON, Attorney-General, for the State, cited *Wilson v. State*, 84 Ala. 426; *Newell v. State*, 115 Ala. 54.

SHARPE, J.—The statutes relating to the form and contents of indictment provide that, "When an offense may be committed by different means, or with different intents, such means or intents may be alleged in the same count in the alternative."—Code, § 4911. Hence, it is not a valid objection to the indictment in this case that it states the means by which the alleged murder was committed differently, by alternative averments in one count.—*Newell v. State*, 115 Ala. 54; *Wilson v. State*, 84 Ala. 426; *Horton v. State*, 53 Ala. 488. The statute above quoted has been construed as intended to obviate the necessity of a multiplication of counts, by permitting one count to serve the purpose as accomplished by several at common law.—*Horton v. State, supra*. And it has been held that in case such alternative averments are resorted to "each alternative charge must describe the means, with the same definiteness or particularity as would have been required had the charge been made separately in a separate count,"—

4e

*Rogers v. State,* 117 Ala. 192.    Ordinarily, an indictment charging the commission of a homicide by means of a weapon must specify the weapon by name or description, but if its character be unknown to the grand jury, an averment of that fact dispenses legitimately with other designation of the weapon. This is so by statute, where, as in this case, the character of the weapon does not enter into the essence of the offense charged.—Code, § 4906.   And such was the rule at common law.—2 Bish. Crim. Pro., § 514; *Hornsby v. State,* 94 Ala. 55.   These authorities show that the alternative averment in this indictment which is to effect that the killing was done "with some sharp instrument to the grand jury unknown", whether considered as if it were in a separate count, or as the same is here employed, is a sufficient averment in respect of the weapon used.   The indictment was not subject to the demurrer. Except by the demurrer no objection has been here raised as to the regularity of the trial court's proceedings, and we do not find from the record that error was committed in these proceedings. Therefore, the judgment appealed from will be affirmed.

Affirmed.

*Indictment for Murder.*

