# Coleman *v*. The State.

## *Murder.*

(Decided June 4, 1907. 44 South. 184.)

1. *Homicide; Indictment; Means or Manner of Killing.*—Under section 4911, Code 1896, .the means or manner by which the offense was committed may be alleged in the same count in the alternative, and an indictment charging that the killing was done by striking or cutting with an instrument unknown to the grand jury, is not subject to demurrer therefor.

2. *Jury; Challenge; Cause.*—A juror who stated upon his voir dire that he would not hang a man on circumstantial evidence, is subject to challenge for cause by the state.

APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

Calvin Coleman was convicted of murder and appeals. Affirmed.

The indictment in this case was in the following language: (1) "The grand jury," etc., "that Colvin Coleman, alias," etc., "unlawfully and with malice aforethought killed J. A. Finley by cutting him with a knife. (2) "The grand jury," etc., "that Colvin Coleman, alias," etc., "unlawfully and with malice aforethought killed J. A. Finley by striking or cutting him with an instrument which is to the grand jury unknown." De-

[Coleman v. The State.]

murrer was interposed to the second count only, and is as follows: "(1) Said count is indefinite and uncertain, in that it alleges that defendant killed J. A. Finley by striking or cutting him with an instrument which is to the grand jury unknown. (2) The manner in which it is alleged defendant killed J. A. Finley is in the alternative, in that the indictment alleges that it was by striking or cutting with an instrument which is to the grand jury unknown. (3) The alternative averment that said defendant killed J. A. Finley by striking or cutting are not synonymous terms." The defendant was convicted, and sentenced to be hanged. The other questions raised are stated in the opinion.

ARMSTEAD BROWN and RAY RUSHTON, for appellant. —The demurrer to the indictment should have been sustained.—*Horton v. The State,* 53 Ala. 488; 10 Ency. P. & P. pp. 490 and 538. The court erred in permitting a challenge of the jurors for cause by the state and in allowing the solicitor to ask them if they would hang upon circumstantial evidence.

ALEXANDER M. GARBER, Attorney General, for the State.—No brief came to the Reporter.

DOWDELL, J.—The demurrer to the indictment was, in our opinion, wholly without merit.—Cr. Code, 1896, § 4911; *Wilson v. State,* 84 Ala. 426, 4 South. 383.

The jurors Amason and Barnett were each subject to challenge for cause by the state on the ground that they "would not hang a man on circumstantial evidence." This was shown on the voir dire examination of each of said jurors, and the challenge was made by the state before either of said jurors had been accepted and sworn. It was within the discretion of the court to allow the solicitor to ask the juror the question which

[Howard v. The State.]

elicited the answer that he would not punish capitally on circumstantial evidence. The court committed no error in allowing the challenge by the state.

The foregoing are the only questions presented for our consideration. Finding no error in the record, the judgment is affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.