# Burkett *v.* The State.

## *Murder.*

(Decided Feb. 6, 1908.   45 South. 682.)

1. *Criminal Law; Conduct of Trial; Separate Trial.*—The court may, in its discretion, try one of two or more persons separately, although jointly indicted, in spite of an objection that they should be tried together.

2. *Evidence; Opinion Evidence.*—In a prosecution for murder, a physician may testify as to whether the wounds received caused the death of decedent.

3. *Same; Credibility of Defendant's Testimony.*—In all prosecutions the jury may consider the fact that the defendant is interested in the result of the trial as bearing on the credibility and weight to be given him testimony.

4. *Homicide; Malice; Burden of Proof.*—Unless the evidence proving the killing shows an absence of malice the burden is cast on defendant of repelling the presumption of malice from the use of a deadly weapon.

5. *Same; Instructions; Defense of Another.*—A charge asserting that in order to acquit defendant on the ground that the defendants shot in defense of another, such defendants must have been reasonably free from fault in bringing on the difficulty, there must have existed either really or so apparently as to lead a reasonable man to believe that there existed a present necessity to strike in order to save such other or themselves from death or great bodily harm, and there must have been no other reasonable mode of escape for such other person, is a correct statement of the law, except that it is too favorable to defendant in using the word reasonably, as qualifying freedom from fault in bringing on the difficulty; but of such error defendant cannot complain.

6. *Same; Instructions; Intent.*—A charge asserting that if it appears beyond a reasonable doubt that defendant intended, in the

event of a difficulty between his friend and deceased, to strike the fatal blow, and did so in pursuance of such intent, he could not be acquitted, correctly states the law.

7. *Trial Instructions; Two Theories.*—A charge asserting .that if there are two theories conflicting, one showing the guilt of accused and the other his innocence, the jury should adopt the one showing his innocence, is invasive of the province of the jury and properly refused.

8. *Same; Good Character.*—A charge asserting that if defendant had proven a good character for himself, that alone, considered with the other evidence, may be sufficient to raise a reasonable doubt of defendant's guilt, and justify his acquittal, when but for his good character a reasonable doubt would not arise, is elliptical and its refusal proper.

9. *Same; Instructions Covered by Instructions Given.*—It is not error to refuse written instructions substantially covered by instructions given.

10. *Same; Instructions Directing Verdict.*—Where the evidence is conflicting, it is not error to refuse instructions directing the acquittal of defendant.

11. *Homicide; Instructions; Defense of Another.*—A charge asserting that if it appears from the evidence that defendant killed deceased under the belief that it was necessary to save another's life and that defendant and such other were free from fault in bringing on the difficulty, the defendant should be acquitted, is erroneous for pretermitting the duty to retreat.

12. *Same.*—A charge asserting that defendant should be acquitted if it appeared that defendant killed deceased under the belief that it was necessary in order to protect another and that such other was free from fault in bringing on the difficulty, is properly refused for failing to hypothesize defendant's freedom from fault in bringing on the difficulty.

13. *Same.*—An instruction asserting that if B. approached deceased in a peaceful manner with no intention of bringing on the difficulty and deceased struck him with a weapon and the appearance was such as to lead a reasonable man to believe that he intended to continue to use the weapon against B. or defendant, and B. could not retreat safely, and defendant killed deceased to protect B., the defendant should be acquitted, is defective in that although B. may have approached deceased with no intention of bringing on the difficulty, and yet afterwards have brought it on, and in not hypothesizing what defendant may have done to bring it on.

14. *Trial; Instructions; Undue Prominence to Portions of Evidence.*—Charges which single out one item of evidence and charge as to its effect or which give undue prominence to certain portions of the evidence to the exclusion of others, are properly refused.

15. *Same; Invasive of Province of Jury.*—An instruction asserting that under an indictment charging murder in the second degree by cutting with a knife, the defendant could not be found guilty of any greater offense than assault and battery with a weapon, was properly refused as invasive of the province of the jury.

[Burkett v. The State.]

16. *Same; Submitting Questions of Law to the Jury.*—Charges asserting that if B.'s situation was such that he would have been justified in taking decedent's life, the defendant, although not connected with the difficulty between deceased and B., would be justified in using the same degree of force in defending B. that B. would have been justified in using and would have been justified in taking deceased's life if B. would have been so justified, submitted to the jury a question of law as to what facts or circumstances would have justified B. in taking deceased's life and were properly refused.

17. *Homicide; Instructions; Degree; Offenses Charged.*—A charge asserting that if there is a reasonable doubt as to the proof of any material allegation in the indictment, the defendant must be acquitted is erroneous since under such indictment he was liable to conviction for any degree of homicide or other crimes charged therein.

18. *Trial; Argumentative Instructions.*—A charge asserting that if two conclusions can be drawn from the evidence, or two constructions given to the facts proven, one favoring defendant's innocence and the other his guilt, the former should be adopted, is a mere argument and properly refused; as is a charge asserting that it is far better for the guilty to go unwhipped of justice than that the innocent should be punished; as is a charge asserting that to convict the defendant the evidence should be as strong as the positive testimony of one credible witness who proves beyond all reasonable doubt the guilt of defendant.

19. *Same; Instructions; Bias of Witness.*—A charge is proper that asserts that if any of the state's witnesses exhibited bias against defendant or anger, and satisfied the jury that they had not testified truly and were not worthy of belief, and the jury thought their testimony ought to be disregarded they might disregard it altogether.

20. *Same; Misleading Instructions.*—A charge asserting that if upon all the evidence the jury believe that the testimony as to the good character of defendant's witnesses was sufficient to overcome the impeaching testimony against them they should weight his testimony in the light of the proof of his good character along with the other evidence in the cause is confused and misleading and its refusal proper.

APPEAL from Walker Law and Equity Court.

Heard before Hon. THOS. L. SOWELL.

Albert Burkett was convicted of murder and appeals. Reversed and remanded.

Defendant was indicted for murder in the second degree for killing Wilson Holsenback by cutting him with a knife or some other sharp instrument to the grand jury unknown. Demurrers were interposed to the indictment: "(1) In that it charged in the alternative the instrument with which the alleged killing was done, and one of the alternative averments was insufficient. (2)

The averments in the indictment descriptive of the instrument with which the killing was done is not sufficient in law. (3) The indictment is joint in this case, and it is not a case in which the offense could be jointly committed with a knife or other sharp instrument." These demurrers were overruled. The defendant objected to being put upon his trial in the absence of Frank Bishop, who was jointly indicted with him.

At the request of the state the court gave the following charges:

"(1) The court charges the jury that the defendant is interested in the result of this trial, and that they may look to this fact in determining what weight they will attach to his testimony.

"(2) The court charges the jury that the law presumes malice from the use of a deadly weapon, and casts on the defendant the onus of repelling the presumption, unless the evidence which proves the killing shows also that it was perpetrated without malice.

"(3) The court charges the jury, that before they can acquit the defendant on the ground of defense of Bob Bishop, three essential elements must concur: First, the defendant and Bob Bishop must have been reasonably free from fault in bringing on the difficulty; second, there must have existed at the time, either really, or so apparently as to lead a reasonable man to the belief that there actually existed, a present, impending, imperious necessity to strike in order to save Bishop or himself from death or great bodily harm; third, there must have been no other reasonable mode of escape for Bob Bishop by retreating or by avoiding the combat with safety.

"(4) The court charges the jury that if they believe beyond a reasonable doubt that just prior to the difficulty between Holsenback and Bob Bishop the defendant had made up his mind and formed a design to strike the fa-

tal blow in the event the difficulty did arise between Bishop and Holsenback, and that the defendant cut the deceased in pursuance of such previously formed inten-tion and design, then you cannot acquit the defendant on the ground that he acted in the defense of Bob Bishop in cutting the deceased, Holsenback."

The court refused to the defendant the following writ-ten charges:

"(1) If there are two conflicting theories, one show-ing the guilt of the accused and the other showing his innocence, the jury should adopt the theory which shows his innocence.

"(2) The court charges you, gentlemen of the jury, if the defendant has proven to you a good character for himself, that alone, considered along with the other evi-dence, may be sufficient to generate in your mind a rea-sonable doubt of the defendant's guilt, and justify his ac-quittal, when, but for his good character, a reasonable doubt would not arise."

"(6) The court charges you, gentlemen of the jury, that if there is a probability arising from the evidence that Burkett struck the deceased and inflicted the wound which produced his death, under the honest belief that the deceased was attempting to take the life of Bob Bishop at that time, and that defendant and Bob Bishop were free from fault in bringing on the difficulty, then it will be your duty, gentlemen, to find the defendant not guilty.

"(7) The court charges you, gentlemen of the jury, that, if you believe all the evidence in this case beyond a reasonable doubt, you must find the defendant not guilty."

"(9) The court charges you, gentlemen of the jury, that if you believe from the evdience beyond a reason-able doubt that the defendant inflicted the wound on the

deceased which caused his death, by cutting him with a knife, and that you further believe from the evidence that he did it in the honest belief that at the time the deceased was attempting to take the life of Bob Bishop, and that Bob Bishop was free from fault in bringing on the difficulty, then, gentlemen of the jury, it would be your duty to find the defendant not guilty."

"(11) The court charges you, gentlemen of the jury, that if you believe all the evidence in this case you will find the defendant not guilty."

"(15) The court charges you, gentlemen of the jury, if you believe from the evidence that the defendant killed the deceased, Will Holsenback, under a well-grounded and honest belief, created by all the circumstances, that it was necessary for him to kill the deceased to prevent the deceased from killing without just cause Bob Bishop, then the defendant is not guilty, if Bob Bishop was free from fault in bringing on the difficulty, and could not have escaped without increasing his peril, and your verdict should be for acquittal."

"(18) The court charges you, gentlemen of the jury, that if Bob Bishop approached Holsenback in a peaceful manner, with no intention of bringing on a difficulty, and the deceased struck him with a weapon which was calculated to produce death, and the appearance was such as to lead a reasonable man to believe that he intended to continue to use the weapon on Bob Bishop, or Albert Burkett, and the defendant was standing near by, and he cut the deceased in the effort to keep him from continuing his assault on Bishop, and there was no reasonable way for Bishop to escape without increasing his peril, the defendant is not guilty of any offense, and it would be your duty to find him not guilty.

"(19) I charge you, gentlemen of the jury, that the fact, if it be a fact, that Bob Bishop, in reply to the de-

ceased's question as to what he (Bishop) had to do with it, said, 'I haven't got anything to do with it,' does not place any fault on Bishop's part in bringing on the difficulty between the deceased and Bishop."

"(22) I charge you that under this indictment you cannot find the defendant guilty of any offense greater than assault with intent to murder.

"(23) I charge you that under this indictment you cannot find the defendant guilty of any offense greater than assault and battery with a weapon."

"(25) If you believe the evidence in this case, you must acquit the defendant."

"(27) I charge you that, if the situation of Bob Bishop at the time of the killing of the deceased was such that Bob Bishop would have been justified in taking the life of the deceased, then Burkett was authorized under the law to use the degree of force in defending Bishop as Bishop could have under the same circumstances."

"(29) I charge you that, if you believe from the evidence that Burkett was not connected with the difficulty between Holsenback and Bishop, and only interfered in it to save the life of Bishop, then the law holds him to be justified in taking Holsenback's life , if Bishop would have been justified in doing so to save his own life."

"(34) I charge you that, if you are reasonably doubtful as to the proof in this case as to any material allegation of the indictment, you must acquit the defendant.

"(35) If the jury believe all the evidence beyond a reasonable doubt, they cannot convict the defendant."

"(A) I charge you, gentlemen of the jury, that if the testimony in this case in its weight and effect be such that two conclusions can be reasonably drawn from it, the one favoring the defendant's innocence and the other tending to establish his guilt, law, justice, and hu-

manity demand that the jury shall adopt the former, and find the accused not guilty."

"(H) The court charges the jury that it is a well-settled rule of law that if there be two reasonable constructions which can be given to facts proven, one favorable and the other unfavorable to the defendant, it is the duty of the jury to give that which is favorable, rather than that which is unfavorable, to the accused.

"(I) The court charges you, gentlemen of the jury, the law says it is far better that the guilty should go unwhipped of justice than that the innocent should be punished.

"(II) The court charges you, gentlemen of the jury, that if any of the state witnesses have exhibited bias against the defendant, or anger, and satisfied you that they had not testified truly, and were not worthy of belief, and you thought their testimony should be disregarded, you may disregard it altogether.

"(J) The court charges you, gentlemen of the jury, to convict the defendants, the evidence should be as strong as the positive testimony of one credible witness who proves beyond all reasonable doubt the guilt of the defendant.

"(K) The court charges you, gentlemen of the jury, if upon all the evidence you believe that the testimony as to the good character of the defendant Albert Burkett witness was sufficient to overcome the impeaching testimony against him, you should weigh his testimony in the light of the proof of his good character along with the other evidence in the cause."

LEITH & GUNN and JOHN A. COLEMAN, for appellant. —Where two are jointly indicted and a plea of insanity is interposed and sustained as to one, such works a severance.—*Marler v. The State,* 67 Ala. 55. Such is not the

case here and no order of severance having been made, the court had no right to proceed to try one of the defendants.—*Jackson v. The State,* 104 Ala. 1.   The court erred in refusing to give charge 2.—*Kilgore v. The State,* 74 Ala. 1; *Armour v. The State,* 63 Ala. 173; *Fields v. The State,* 47 Ala. 603.   The court erred in refusing charges 9, 15, 18, 27 and 29.—*Surginer v. The State,* 134 Ala. 125. The court erred in refusing to give charges A and 8.—*Compton v. The State,* 110 Ala. 24.   The court erred in refusing to give charge 34.—*White v. The State,* 103 Ala. 72; *Stovall v. The State,* 116 Ala. 455.   The court erred in refusing charges 11 and K.—*Hammond v. The State,* 147 Ala. 79.

ALEXANDER M. GARBER. Attorney General, for the State.—The court properly overruled the demurrer to the indictment.—*Coleman v. The State,* 44 South. 184; *Smith v. The State,* 142 Ala. 14.   The doctor qualified as an expert, and his evidence was admissible.—*Sims v. The State,* 139 Ala. 74.   The court properly gave the charges requested by the state.—*Smith v. The State,* 118 Ala. 117; *Roberts v. The State,* 68 Ala. 156; *Karr v. The State,* 106 Ala.   Charge 1 refused to defendant is an argument.—*Compton v. The State,* 110 Ala. 24.   Charge 15 is bad.—*Jackson v. The State,* 78 Ala. 471.   Charge 19 is bad.—*Austin v. The State,* 145 Ala. 37.   Charge 27 should not have been given.—*Mann v. The State,* 134 Ala. 1; *Burgess v. The State,* 42 South. 681; *Whatley v. The State,* 39 South. 1014.   Charge II was properly refused.—*Springfield v. The State,* 96 Ala. 81; *Cobb v. The State,* 115 Ala. 18.

SIMPSON, J.—The appellant was convicted of manslaughter in the second degree.   The appellant insists that, inasmuch as the indictment was against said appellant and Robert (alias Bob) Bishop, the defendant

was entitled to be tried jointly, and that it was error to try him alone without some proceeding for a severance. Our statutes give the right to a defendant to sever and be tried alone, but do not give any right to a joint trial. This is a matter for the discretion of the court, and the various parties to the indictment may be severally, separately, and successively tried.—*Jackson, et al. v. State,* 104 Ala. 1, 3, 16 South. 523.

The demurrer to the indictment was properly overruled.—*Coleman v. State,* 151 Ala. 20, 44 South. 184; *Smith v. State,* 142 Ala. 14, 39 South. 329 (6th headnote) ; *King v. State,* 137 Ala. 47, 34 South. 683.

The doctor, being an expert, was properly allowed to testify as to whether the wound caused the death of Holsenback.—*Sims v. State,* 139 Ala. 74, 36 South. 138, 101 Am. St. Rep. 17.

In weighing the testimony of the defendant, the jury can consider that he is interested in the event of the suit, just as they would as to any other witness. Consequently there was no error in giving the first charge at the request of the state.

The second charge given at the request of the state asserts a correct principle of law—*Roberts v. State,* 68 Ala. 156.

Under the facts of this case, charge No. 3, given at the request of the state, contains a correct statement of the law, except that the first clause is too favorable to the defendant by the insertion of the word "reasonably;" so there was no error in giving it of which the defendant can complain.—*Bostic v. The State,* 94 Ala. 45, 10 South. 602; *Surginer v. State,* 134 Ala. 120, 125, 32 South, 277; *Sherrill v. State,* 138 Ala. 4, 15, 35 South. 129.

Charge No. 4, given at the request of the state, was properly given.

Charge No. 1, requested by the defendant, was properly refused. This charge has been frequently condemned

[Burkett v. The State.]

by this court.—*Compton v. State,* 110 Ala. 24, 35, 20 South. 119.

There was no error in the refusal of the court to give charge No. 2, requested by the defendant. The charge is elliptical; and the court had charged the law on the subject of character in substantially the same language in charges Nos. 5 and 6, given at the request of the defendant.

Charges Nos. 6 and 9, requested by the defendant, were properly refused. They omitted any reference to the duty to retreat.

The court properly refused charges 7, 11, and 25, requested by the defendant, being the general charge.

Charge No. 15, requested by the defendant, was properly refused. It omitted to hypothesize freedom from fault on the part of the defendant himself in bringing on the difficulty. The court had sufficiently charged on this subject in charges 16, 17, and 20, given at the request of the defendant.

Charge 18, requested by the defendant, was properly refused. Besides the fact that charges 16, 17, and 20 substantially cover charge 18, it is defective, in that Bishop may have "approached" Holsenback in a peaceful manner, with no intention of bringing on the difficulty, and yet afterwards brought it on, and also in that it makes no mention of what the defendant himself may have done to bring on the difficulty.

Charge 19 was properly refused. The court was not called upon to single out one item of the evidence and charge the jury on the effect of it.

It is unnecessary to consider charges 20, 21, and 24, as the defendant was convicted only of manslaughter in the second degree.

Charge 22 was properly refused. It was for the jury to determine, from the evidence, whether the blow which

[Burkett v. The State.]

the defendant struck was with a knife, and whether it produced death.

Charges 27 and 29 were properly refused. They submitted to the jury for decision the question of law as to what facts or circumstances would have justified Bishop in taking the life of Holsenback.

Charge 34 is similar to, but not identical in language with, charge 10, which was aproved in the case of *White v. State,* 103 Ala. 72, 78; 83, 16 South. 63. But, even if the charge be substantially the same, it was not proper in this case, wherein the defendant was indicted for murder, under which indictment he was liable to be convicted of any of the degrees of homicide.—*Stoball v. State,* 116 Ala. 454, 460, 23 South. 162.

Charges A and H, besides being mere arguments, are otherwise bad.—*Roberts v. State,* 68 Ala. 156.

Charge I is a mere argument, and was properly refused.

The court erred in not giving charge II.—*Hammond v. State,* 147 Ala. 79, 41 South. 761.

Charge J does not assert any principle of law, but is a mere argument, and was properly refused.

Charge K is confused and misleading, and was properly refused.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.