# Landthrift v. The State.

*Indictment for Assault with Intent to Ravish.*

1. *Trial and its incidents; remark of trial judge to jury; when no reason for continuing case immediately following.*—Where, upon the jury that has tried a case returning a verdict of not guilty, the court rebukes said jury and says to them: "If it were not for the fact that I have another important case to try I would now discharge you for this verdict;" such remark of the court, having reference only to the case which was then tried, and not to the case which was immediately to be tried, constitutes no ground for continuing the case which was immediately thereafter called for trial; such remark in the previous case not prejudicing the defendant in the case immediately following.

2. *Evidence; competency of witness.*—A girl eleven years old, who testifies on her *voir dire* that she believes "there is a God in Heaven;" "that people who swear lies go to the bad place;" that she had been to school; had never been to Sunday school, but had been to preaching, and that she would go to the "bad man" if she told a lie, is shown to be competent to testify; and it is not error for the court to so rule.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

The appellant in this case, Walter Landthrift, was indicted and tried for an assault upon "Emily McLain, a woman, with the intent to forcibly ravish her," was convicted of the offense charged, and sentenced to the penitentiary for twenty years.

The bill of exceptions contains the following recital as to the remarks made by the court to the jury who tried the case of the State v. Jack Bickers, and the defendant's objection to being put upon trial: "The case which was tried in said city court next preceding the calling of this case for trial was that of the State v. Jack Bickers, charged with carrying a concealed pistol about his person; this case, The State v. Jack Bickers,

was tried during the morning of the day on which the
Landthrift case was called for trial, and on the assem-
bling of the court for the afternoon session, the jury be-
fore whom Bickers had been tried returned into the
court room with a verdict of not guilty, whereupon the
court, in the presence of all the jurors attending said
court and trying cases therein, remarked to the jury
which had returned the verdict of not guilty in the Bick-
ers case, after some hesitation, during which there was
complete silence, and while said jury was yet standing
before him, this: 'I will say this to you, gentlemen, if
it were not for the fact that I have another important
case to try, I would now discharge you for this verdict.'

"On Friday, the 24th day of April, 1903, the above
stated cause was called for trial. Before entering upon
the trial of said cause and before announcing ready for
trial, the defendant objected to being put upon his trial
in this cause at this time, and moved the court to con-
tinue the case, counsel for defendant stating to the court
that he objected to being tried at this time on account of
the above quoted remark made by the court to the jury
in the Bicker's case in the presence of the other jurors
attending upon said court, because said remark was cal-
culated to prejudice and intimidate the jury, and make
them feel that they were not free to bring in a verdict of
acquittal. The court overruled defendant's objection to
being put upon his trial, and required the defendant to
immediately go to trial before a jury that had heard the
remark of the court to the jury in the Bicker's case, but
not the jury to whom said remark was addressed, and to
this ruling of the court the defendant then and there
duly excepted."

When Emily McLain was called as a witness for the
State, the defendant objected to her being examined,
upon the ground that she was incompetent. Said wit-
ness was eleven years old, and upon the court examin-
ing her on her *voir dire*, she testified as follows: "I be-
lieve there is a God in Heaven; place he lives is up yon-
der (pointing her finger upward); people who swear
lies go to the bad place; it is wrong to tell a lie; I will
go to the bad place if I tell a lie; I have been to school;

I live at Lagarde and went to school to Prof. Burnes; my name is Emily Luella McLain; my father's name is Davis McLain; my mother's name is Caroline; I came here to tell about Walter and what he done to me; to tell the truth; I have been to preaching; I will go to bad man if I tell a lie." The court pronounced the witness competent, and to this ruling the defendant duly excepted, and with the court's permission, the defendant's counsel further examined her, and in this examination the witness stated as follows: "I don't know how old I am; I have heard of bad place; never heard of it until I came to court; never heard of God till I came to court the other time; I forgot who told me." These facts pertain to the only rulings of the trial court, which are reviewed on the present appeal.

GOODHUE & BLACKWOOD, for appellant.

MASSEY WILSON, Attorney-General, for the State. The remark made by the trial judge in the case of Bickers v. State constituted no ground for continuing the case.—*Horn v. State,* 192 Ala. 144.

The witness, Emily McLain, was shown to be competent.—*Williams v. State,* 109 Ala. 64; *Grimes v. State,* 105 Ala. 86.

TYSON, J.—The remark of the presiding judge to the jury in the case of State v. Bickers, made in the presence and hearing of the jury who afterwards tried this case, if conducive to the due administration of the law, could not possibly have been of prejudice to the defendant.

In the absence of all showing to the contrary, it must be presumed that the judge was justified in protesting against the verdict in the manner that he did, because of a flagrant miscarriage of justice in that case, due, of course, to a failure on the part of the jury to discharge their duty. Entertaining this conviction, he ought not to have silently acquiesced in the verdict. Had he received the verdict without indicating his disapproval of it, he would have been understood by the jury render-

[Landthrift v. The State.]

ing it and others present as sanctioning it. It would have been the equivalent of an approbation by him of the action of the jury and a concurrence by him in their perversion of the administration of justice.

On the other hand, his protest against the verdict indicated and made known his intention to prevent, as far as possible, a recurrence of what had just happened—a determination to stop, if possible, unjust verdicts being rendered by juries in his court. That such was the purpose of the judge, and that it was so understood, we feel entirely assured. Being thus understood, the natural and legitimate tendency of the remark was to impress the jury trying the case with a proper conception of their duty: to bring them, if they were otherwise inclined, to a correct understanding that juries are organized for the administration of justice; and that verdicts should speak the truth and not falsehood. It is, therefore, not perceptible how the jury that tried this defendant, could have understood that the judge desired his conviction unless the evidence established his guilt under the law. On the contrary, what had occurred had served as a warning to them that a true verdict was expected of them in this case. Of this, the defendant has no right to complain. He was entitled to a fair and impartial trial by the jury, nothing more and nothing less. And whatever contributed to bringing about that result cannot be made bases for complaint by him.

These considerations lead us to the conclusion that the objection taken by defendant to being tried by the jury, that tried him, can avail him nothing.

The other members of the court, while concurring in this conclusion, prefer not to concur in the reasoning employed. They think it sufficient to say as sustaining it, that the remark of the judge, made as it was, with reference to the verdict in the Bicker's case and having no reference to this case, it does not appear to have had any tendency to prejudice this defendant.

The *voir dire* examination of the witness Emily McLain showed her to be competent to testify.—*White v. State,* 136 Ala. 58; *Williams v. State,* 109 Ala. 65.

Affirmed.