# Scott *v.* The State.

## *Violating Prohibition Law.*

(Decided Jan. 11, 1912. Rehearing denied Jan. 30, 1912. 57 South. 413.)

1. *Indictment and Information; Misdemeanors.*—Where the act creating a misdemeanor has been in effect for more than twelve months before the indictment was found, the indictment need not aver the commission of the offense since the passage of the act, or aver the time of the commission of the act further than that it was within twelve months before the finding of the indictment.

2. *Criminal Law; Continuance; Discretion.*—The granting or refusing of a continuance rests in the sound discretion of the trial court, and will not be reviewed unless abuse is shown.

3. *Appeal and Error; Review; Abuse of Discretion.*—The statement of the court to the jury in this case reviewed and held not to constitute such an abuse of the discretion of the court in such matters as to call for a reversal of the case.

4. *Charge of Court; Abstract Instruction.*—Where there was no evidence tending to show that the defendant was not the seller of the whisky, a charge raising the question as to whether he was the assisting friend of the purchaser, is abstract and properly refused.

5. *Intoxicating Liquors; Indictment; Sufficiency.*—An indictment in Code form in accordance with section 7353, Code 1907, is sufficient to support a conviction under Acts 1909, p. 63; the averment as to license being rejected as mere surplusage since under said act all sales of liquor are inhibited.

6. *Same; Sales.*—The prohibition against any sale of intoxicating liquors applies to a sale which passes the title regardless of the seller's ownership, and hence Acts 1909, p. 63, section 33, is valid.

.[Scott v. The State.]

APPEAL from Barbour Circuit Court.

Heard before Hon. M. SOLLIE.

Ab. Scott was convicted of violating the prohibition law, and appeals. Affirmed.

What transpired as to the first jury was as follows: "Gentlemen, this court does not need your services, and will not use you any longer. You cannot, and I will not permit you to, pollute the streams of justice any further by such verdicts as that you have just rendered. I will not permit you longer to obstruct the orderly adminis-tration of the law, or further to interpose yourselves as an obstacle between the criminal and the law. I am going finally to discharge you, and the clerk will take a list of your names and enter an order upon the minutes discharging you. You and I cannot longer serve together in our present relations here. Either you or I must get down and out, and I have decided it is you that must do so. While I will not take steps against you for contempt upon my own motion, if the solicitor desires it, I will hold you until he shall determine whether or not he desires in the name of the state to institute contempt proceedings against you."

After impaneling a jury in the place of the one dis-charged, the court addressed the new jury as follows: "Matters which are extraordinary have been transpiring here. It chances that there are certain cases standing for trial upon this docket charging unlawful sales of spirituous liquor. Reports come to me that the public opinion of this community is in sympathy with the per-son so charged, and that the people do not approve the notion of punishing people convicted of selling liquor by hard labor sentences, and I am advised that either that policy must be abandoned here, and assurance given that such persons as may be convicted of selling liquor will not be punished by the imposition of hard labor

sentences upon them, or that the juries will not convict persons charged with that crime; but I have refused to enter into the bargain. I refused to make any promise, or to commit myself to any policy. One of the liquor cases came on for trial, and upon the law and under the evidence an affirmative charge was given by me to the jury who has been discharged, and against that charge the defendant was acquitted. That which led to the discharge of the other jury and sending for this was the refusal on the part of the jury to convict when an affirmative charge was given. Cautiously looking over the lay of the land, a circuit judge ought not to permit that kind of a jury to sit and serve. When a man is guilty, if the evidence is believed, and no conflicting inferences can be drawn, and it bears no impeachment upon its face, and no reasonable construction of it can impeach it—in a case like that, if the jury believe the evidence beyond a reasonable doubt, it becomes their sworn duty to convict. It rarely can happen that a jury can find against an affirmative charge, when it does not mean a finding against the law according to what the judge holds the law to be. I guess that, if 1,000 such cases were put to the test, not less than 999 out of the 1,000 verdicts so rendered would prove to be rendered as a protest against the law, and as an expression of the jury's unwillingness to be governed by the law. There is vested in certain judges the power to discharge and punish a petit juror who flatly refuses to obey the law. The people in this community have it in their power to allow criminals to escape justice; and if that were ever so repulsive to me, I cannot compel the conviction of any man. Twice in the last few weeks I have had to discharge juries because they did not do their duty; for I believe in my heart that the law ought to prevail everywhere, even right here in Eufaula. Do I owe it to the general public to trade from

this bench? I desire to say that I will not trade with any man. If I would have done so, I could have traded here, and probably the juries would have agreed upon convictions and fines where from the evidence they believe the defendant guilty. I believe the law ought to be enforced; but I will not raise a row with you, if you see fit to release the criminal, and turn him loose, and abandon the law, and turn your community over to chaos. You have the power to do it, and I am going to furnish you an opportunity to say what you will do, by putting the cases on trial." The court said a great deal more, but the above will indicate the nature and character of his address.

PEACH & THOMAS, for appellant. The form prescribed by section 7353, is intended to cover violations of section 7352, and is not applicable to offenses under the Carmichael and Fuller bills, and hence, is subject to the demurrer interposed. No license was authorized, and hence, the allegation of the sale without a license charged an offense under the statute before the passage of the bill prohibiting the sale. Section 7353 was practically repealed by the Carmichael and Fuller bills.—154 Ala. 249; 160 Ala. 132. The allegations of sales without a license therefore, cannot be treated as mere surplusage. The indictment therefore, neither conforms to the statute describing the offense, nor does it follow a form prescribed for the same.—*McPherson v. The State,* 54 Ala. 221; *Ullmer v. The State,* 61 Ala .208; *Mosely v. The State,* 156 Ala. 139; see also generally.—*Marks v. The State,* 159 Ala. 88; *Kelly v. The State,* 55 South. 141. The court practically, by his remarks to the jury, in discharging the first jury and empanelling the other one, required at their hands the verdict of guilty. This is prohibited.—*Huff v. Cox,* 2 Ala. 310; *Huffman v. The*

10 CA.

*State,* 29 Ala. 40; *Stewart v. Russell,* 38 Ala. 619; *Harris v. The State,* 100 Ala. 129; *Taylor v. The State,* 121 Ala. 25. The court was without authority to punish the jury for contempt, but his remarks were calculated to intimidate them.—*Brewer v. The State,* 160 Ala. 77; *Sparf v. United States,* 156 U. S. 51; *Cahill v. Chicago R. Co.,* 74 Fed. 285; *Landthrift v. The State,* 140 Ala. 114. In a sale of liquor one cannot be convicted who acted merely as the assisting friend of the purchaser.— *Maples v. The State,* 130 Ala. 121; *Bonds v. The State,* 130 Ala. 117; *Maxwell v. The State,* 140 Ala. 131; *DuBois v. The State,* 87 Ala. 101; 162 Ala. 165.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The indictment was properly drawn.—Code, Sec. 7353. The words "without a license" were surplusage and did not invalidate the indictment.—*Powell v. The State,* 69 Ala. 10, 12; *Boon v. State,* 69 Ala. 226; *McCreary v. State,* 73 Ala. 480, 482; *Bogan v. State,* 84 Ala. 489, 450; *Olmstead v. State,* 89 Ala. 16; *Williams v. State,* 91 Ala. 14; *Compton v. State,* 95 Ala. 25; *Cost v. State,* 96 Ala. 60; *Mitchell v. State,* 141 Ala. 90, 92. The indictment was found in 1910. The general prohibition law went into effect in January, 1908, more than two years before. It was not therefore necessary to aver the time when the offense was committed, time not being a material ingredient of the offense.—*McIntyre v. State,* 55 Ala. 167; *McDowell v. State,* 61 Ala. 172; *Lyon v. State,* 61 Ala. 224, 228; *Bibb v. State,* 83 Ala. 84, 88; *Dentler v. State,* 112 Ala. 70, 75. It was within the irrevisable discretion of the court to refuse defendant's request for a continuance.—*Starr v. The State,* 25 Ala. 49, 51; *Peterson v. State,* 63 Ala. 113, 114; *Ex parte Jones,* 66 Ala. 202, 204; *De Arman v. State,* 77 Ala. 10, 15; *White v. State,* 86

[Scott v. The State.]

Ala. 69, 74; *Walker v. State,* 91 Ala. 76, 79; *Davis v. State,* 92 Ala. 20, 25; *A. G. S. Ry. Co. v. Hill,* 93 Ala. 514, 518; *Lowery v. State,* 98 Ala. 45, 50; *Carr v. State,* 104 Ala. 4, 14; *Cunningham v. State,* 117 Ala. 59, 65. Charges 2, 3, 4, 5 & 6 were properly refused. They are abstract, there being no evidence to support the theory of "assisting friend," upon which they are based.—*Murray v. The State,* 18 Ala. 727, 731; *Felix v. State,* 18 Ala. 720, 723; *Brister v. State,* 26 Ala. 107; *Harrison v. State,* 24 Ala. 67.

WALKER, P. J.—The indictment in this case, which was filed in court on the 30th day of November, 1910, charged that "before the finding of this indictment Ab. Scott sold spirituous, vinous, or malt liquors without a license and contrary to law, against the peace," etc. It is to be observed that the indictment is in the form prescribed by section 7353 of the Code for the cases of sales of such liquors without a license or in violation of special or local laws regulating or prohibiting their sale. The defendant by demurrer raised the question of its sufficiency as a charge of a violation of the general prohibition law which was in force at the time it was found. Under the provisions of section 29½ of the act approved August 25, 1909, entitled "An act to further suppress the evils of intemperance," etc. (Acts Sp. Sess. 1909, pp. 63, 90), in an indictment, complaint, or affidavit for selling, offering for sale, keeping for sale, or otherwise disposing of spirituous, vinous, or malt liquors, it is sufficient to charge that the defendant sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors contrary to law. The indictment in this case uses the language which the statute makes sufficient to constitute a charge of a sale of such liquors in violation of the general prohibition law which was then

in force, and also makes the further charge that the sale was made without a license. In other words, the indictment alleged all that the statute required to be alleged, and also averred in effect that the sale was made by a person not having a license. In legal effect this latter allegation added nothing to the charge made by the other language contained in the indictment, as the traffic in such liquors had ceased to be licensed. This being true, the words "without a license" are to be regarded as wholly superfluous. Certainly, in view of the law that was in force at the time the indictment was framed, they did not add to or detract from the charge, which was sufficiently made by the use of the other words with which they were associated. The words quoted are to be treated as surplusage—without effect upon the legal sufficiency of the charge made by the indictment.

The rulings in the cases of *Kelly v. State,* 171 Ala. 441, 55 South. 141, and *Marks v. State,* 159 Ala. 71, 88, 48 South. 864, 133 Am. St. Rep. 20, do not stand in the way of this conclusion. So far as the question now under consideration is concerned, those rulings were merely to the effect that, as an indictment for a misdemeanor is to be understood as charging that the offense was committed within the next preceding 12 months, if the law creating the offense first became operative during that period, an indictment under it is subject to demurrer for a failure to aver that the offense was committed after the law became effective.—*Glenn v. State,* 158 Ala. 44, 48 South. 505. No such reason exists in this case for alleging that the sale of liquor charged against the defendant was made at a time subsequent to the date when the general prohibition law went into effect, as that law had been in force more than 12 months when the indictment was found. The act charged was a crime during the entire period which is to be understood as cov-

ered by the indictment. The presence in it of the words
"without a license" cannot be allowed to have such an
influence as to make the charge an ineffectual one of a
violation of a law which had gone out of existence more
than 12 months before, when the indictment contained
all that was required to constitute it a legally sufficient
charge of a violation of the law which was in force when
it was returned, and its superfluous allegation was not
such a one as could, at that time, change its legal im-
port. The court was not in error in overruling the de-
murrer to the indictment.

On the day before this case was tried a jury which
had acquitted the defendant on a similar charge was
discharged from further service, the presiding judge
saying to them that he would not permit them to pol-
lute the stream of justice by such verdicts; and another
jury was organized in its stead. After the organization
of this new jury, the court addressed it at some length;
the remaining original jurors being in the court room
at the time. When the present case was called for trial
on the next day, the defendant, by his counsel, objected
to being put on trial at that time, and moved the court
to continue the case, on account of the proceedings and
remarks of the court to the discharged jury and the re-
marks of the court to the new jury, because, as stated
by the counsel, "said remarks and proceedings were
calculated to prejudice and intimidate the jury in the
present case, and make them feel that they were not free
to bring in a verdict according to their own convictions,
and because said remarks and proceedings intimate
that the court was of opinion that the defendants in
all liquor cases on the docket were guilty." The court
overruled this objection and motion, and required the
defendant to go to trial before a jury selected from the
jurors then in attendance, all of whom were cognizant

of the matters made the basis of the objection.    To this action of the court the defendant excepted.    It is a well established rule in this state that the grant or refusal of a continuance rests in the sound discretion of the trial court, and is not the subject of revision on appeal. It is not denied that there may be a case of such a gross and palpable abuse of this discretion as to constitute an exception to this rule, and to require a reversal in order to afford the defendant an opportunity for a fair trial.—*White v. State,* 86 Ala. 69, 5 South. 674; *Davis v. State,* 92 Ala. 20, 9 South. 616; *Cunningham v. State,* 117 Ala. 59, 23 South. 693.

We are not of the opinion that the record in this present case shows that there was such an abuse of discretion.    Though it may be presumed, the record not showing to the contrary, that the discharge of the former jury was in consequence of a flagrantly unwarranted acquittal at its hands, yet we are not concerned with the question as to the propriety of that action, except in so far as the manner of it, and the remarks with which it was accompanied, in connection with the subsequent remarks of the trial judge to the new jury, might have had such an effect upon the jury which tried this case as to make it apparent, or at least probable, that the trial could not have been a fair one.    In his remarks to the jury which was impaneled to take the place of the one that had been discharged, the pressiding judge made mention of the fact that the discharged jury had rendered a verdict of not guilty in a liquor case in which they had been charged by the court to find the defendant guilty if they believed the evidence beyond a reasonable doubt, and referred to reports that had been brought to the notice of the court that the juries in that county disapproved of hard labor sentences for persons convicted of violations of the liquor laws, and

that, as the presiding judge was reputed to have imposed hard labor sentences on persons convicted elsewhere of such offenses, they would not convict in such cases unless some promise or assurance was given that hard labor sentences would not be imposed. The statement was made with emphasis that the presiding judge would give no such promise or assurance. He addressed the jury at some length in reference to the respective functions and duties of the court and of the jury, and they were plainly admonished as to their duty to convict when the evidence satisfied them beyond a reasonable doubt that the defendant was guilty of the charge made against him; in the course of its remarks the court saying: "When the evidence is without conflict, and clearly shows guilt, and there is not in it room for any other inference or conclusion than that the defendant is guilty, and when it is reasonable and fair and free from suspicious or impeaching conditions, and you believe it beyond a reasonable doubt, it is your duty to convict." In no part of the remarks was there an intimation that the jury should convict in any case unless they were convinced from the evidence beyond a reasonable doubt that the defendant was guilty; and it was expressly stated to them that, "although an affirmative charge should be given, still, if they did not believe beyond a reasonable doubt that the defendant was guilty, it would be their duty to acquit."

In the argument of the counsel for the appellant it is urged that this address of the presiding judge was calculated to affect unfavorably the fairness of the trial entered upon the following day; but no part of it is pointed out as embodying a misstatement of the law as to the duties of jurors as triors of the facts. Nor do we discover in the remarks any improper instructions in that regard. As to the specific grounds stated

[Scott v. The State.]

in support of the objection and motion, it is enough to say that the one suggesting that "said remarks and proceedings intimate that the court was of the opinion that the defendants in all liquor cases on the docket were guilty" was without foundation in fact, as the record does not indicate that the court was guilty of making in any way such an intimation, and that the other one, suggesting that "said remarks and proceedings were calculated to prejudice and intimidate the jury in the present case, and make them feel that they were not free to bring in a verdict according to their own convictions," cannot be sustained without deciding in effect that an emphtaic admonition to the jurors in attendance, given before the trial of a case has been entered upon, as to their duty to convict when they believe from the evidence beyond a reasonable doubt that the defendant is guilty, must be condemned as a prejudicial and intimidating influence, though the giving of such admonition was occasioned by occurrences which had made it apparent to the court that juries in that locality were disposed to acquit persons charged with the commission of a certain class of offenses, specifically referred to, on considerations other than the lack of the requisite proof of guilt. We are not of opinion that the action of the court in requiring the defendant to go to trial after such an admonition had been given to the jury, under the circumstances stated, constituted so palpable an abuse of discretion as to suggest that the defendant was thereby deprived of the right to a fair trial.—*Landthrift v. State,* 140 Ala. 114, 37 South. 287.

The evidence without conflict showed a sale of the liquor. There was no evidence tending to prove that the defendant's relation to the transaction was other than that of seller. A sale completed, which passed title to the liquor as between the parties to the contract,

[Hollingsworth v. The State.]

is within the terms of the law prohibiting such a sale, without regard to the ownership of the seller.—*Taylor v. State,* 121 Ala. 24, 25 South. 689. The requested charges which sought to raise a question as to whether the defendant was the seller or the "assisting friend" of the purchaser were abstract. There was no evidence tending to prove that any one other than the defendant was the seller or interested in the sale. Besides, it seems that it is entirely competent for the Legislature to provide that a charge of selling prohibited liquor may be sustained by evidence showing either that the defendant was the seller or acted "as agent or assisting friend of the seller or buyer in procuring an unlawful sale of any prohibited liquors" as it undertook to do by section 33 of the act approved August 25, 1900, above referred to. Acts Sp. Sess. 1909, p. 63; *Jones v. State,* 136 Ala. 118, South. 236.

Affirmed.

