# Pugh *v*. The State.

## *Violating Stock Law.*

(Decided April 4, 1912. Rehearing denied May 12, 1912.
58 South. 936.)

1. *Animals; Stock Law; Evidence.*—In order to justify a con-
viction for violating the stock law as here charged, the State must
show that the accused permitted the stock to go on the lands of
another within a stock law district without the consent of the
owner of the land, and that he knowingly did so.

2. *Evidence; Other Offenses; Proving Knowledge.*—Where one is
charged with violating the stock law, it is permissible to show that
within twelve months prior to the indictment the defendant's stock
was seen at various times running at large in the stock law dis-
trict on lands of others, without their consent, for the purpose of
showing his knowledge that his stock went on the lands of an-
other at the time charged, and the mere fact that one of the witnesses
testified that he, at one time, took the defendant's stock to him,
and thereby gave him personal notice of the fact that his stock was
running at large, did not render inadmissible the testimony of
other witnesses that the stock was seen on such other occasions
running at large.

3. *Charge of Court; Invading Province of Jury.*—Where the court
of its own motion charges the jury that in weighing the testimony
of the defendant, they must consider the fact that he is the de-
fendant and interested in the result of the verdict, it is an invasion
of the province of the jury, violative of Section 5362, Code 1907.
It is proper to charge, however, that the jury may consider the
fact that he is the defendant and interested in the result in weigh-
ing his testimony.

4. *Same; Assuming Facts.*—Where a fact is established by all the
evidence without dispute, the court may assume such fact in in-
structions.

5. *Same; Exceptions; Sufficiency.*—Where part of an oral charge
is good and part is error, a general exception to the whole charge
cannot be sustained, it being the duty of the exception to separate
the erroneous from the good.

[Pugh v. The State.]

APPEAL from Marion Circuit Court.

Heard before Hon. C P. ALMON.

Isaac Pugh was convicted of knowingly permitting stock to run at large upon lands of another without such other's consent, and he appeals.   Affirmed.

E. B. & K. V. FITE, for appellant.   The court erred in permitting evidence of other occasions when cattle of the defendant were seen at large within the stock law district.—*Smith v. The State*, 52 Ala. 384; *Knuckels v. The State*, 109 Ala. 4; *Wickard v. The State*, 109 Ala. 147; *Wilson v. The State*, 136 Ala. 118; *Pope v. The State*, 137 Ala. 56·  The court erred in its oral charge when it asserted to the jury that they must consider the fact that the witness was the defendant, and, therefore, interested in the result of the verdict.—*Tucker v. The State*, 167 Ala. 1; *Mills v. The State*, 55 South. 331; *Clements v. The State*, 52 South. 467; Section 5362, Code 1907.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.   The evidence objected to was admissible for the purpose of showing knowledge on the part of the defendant that his stock was running at large on the lands of another, without consent, as the evidence all related to instances within twelve months of the finding of the indictment.— *Ingram v. The State*, 39 Ala. 247; *Peacher v. The State*, 61 Ala. 22; *McDonald v· The State*, 83 Ala. 46; *Tanner v. The State*, 92 Ala. 1; *Horn v. The State*, 102 Ala. 144. While a portion of the charge of the court was erroneous, it was harmless when taken in connection with the portion just preceding it, and the objection was to the charge as a whole.

10 CA

[Pugh v. The State.]

DE GRAFFENRIED, J.—The indictment in this case charges that the defendant, being the owner of or having in his control live stock prohibited by law from running at large, knowingly permitted such stock to go on the lands of another within a stock law district without the consent of the owner of such lands.

For a conviction to be lawfully had upon such an indictment, the proof must show, not only that the defendant permitted the stock named in the indictment to go upon lands of another within a stock law district without the consent of the owner of such lands, but that he *knowingly* did so.

In the present case the state offered evidence tending to show that certain stock of the defendant, within 12 months before the finding of the indictment, was seen upon a particular occasion running at large within a stock law district upon the lands of another, without the consent of the owner of such lands. After having offered this proof, the state was permitted, against the objection of the defendant, to offer evidence that the defendant's stock was seen upon various other occasions, within said period of 12 months, running at large in said stock law district upon lands of other people without their consent.

The defendant objected to the allowance of such proof upon the following grounds: First, because the state sought thereby to prove a continuing offense; second, because the state had already elected to prove a particular violation of the stock law statute, and this additional proof was a departure from the election first made; and, third, because the state should be required to offer evidence only of the single offense which it had first elected to prove.

The trial court overruled the objections of the defendant, being of the opinion that the evidence was admis-

sible for the purpose of aiding the jury in ascertaining whether the defendant knew that his stock was running at large in violation of the law on the occasion for which the state had elected to prosecute him.

In the case of *Ingram v. State*, 39 Ala. 247, 84 Am. Dec. 782, the Supreme Court uses the following lan-guage: "The rule which excludes evidence of other crim-inal acts on the trial of a particular criminal issue is, it is true, not without limitations or exceptions. Thus, when felonies are so connected together as to form part of one entire transaction, evidence of one may be given to show the character of the other—*Rex v. Ellis*, 6 B. & C. 145; *Rex v. Birdseye*, C. & P. 386, 2 Russ. Cr. 774-776; *Rex v. Long*, 6 C. & P. 179; Wharton's Crim. L. § 649. Where it becomes necessary to prove a *guilty knowledge* on the part of the prisoner, evidence of *other offenses* committed by him, though not charged in the indictment, is admissible for that purpose. It is upon this principle that, on the trial of an indictment for ut-tering a forged bank note, knowing it to be forged, evi-dence may be given of other forged notes having been uttered by the prisoner in order to show his knowledge of the forgery.—*Rex v. Whiley*, 2 Leach's C. C. 983, 2 Russ. Cr. 777; *Tharp v. State*, 15 Ala. 749."

As it was incumbent upon the state to prove to the satisfaction of the jury that the defendant *knowingly* permitted his stock to run at large on the occasion for which he was prosecuted, we think that the trial court was free from error in permitting the state to offer the evidence of which the defendant complains. It is true that one of the witnesses for the state testified that he at one time carried the defendant's stock to him and re-quested him to keep it up and thus gave the defendant personal notice of the fact that his stock was running at large in violation of the statute. This evidence, of

course, was relevant on the issue as to whether or not the defendant knew that his stock was running at large, but in no way destroyed the relevancy of the other evidence which the court permitted to go to the jury tending to establish the same fact.

2. The bill of exceptions recites that the court, in its oral charge to the jury, made the following statement: "The defendant testified in his own behalf, and this he had a right to do. You cannot capriciously disregard his testimony any more than that of any other witness. The law is that you must take his testimony along with the testimony of the other witnesses in the case, but at the time you consider it you *must* take into consideration the fact that he is the defendant and interested in the result of this case." The bill of exceptions further recites that the defendant excepted to the foregoing portion of the court's oral charge, and that the court overruled the defendant's exception thereto.

In the case of *Tucker v. State,* 167 Ala. 1, 52 South. 464, the Supreme Court uses the following language: "It was an invasion of the province of the jury for the court, in its oral charge, to instruct them that, in weighing the testimony of the defendant, they must consider his interest in the case. It is proper to instruct the jury that they may do so, but not that they must do so. The latter part of the last sentence of the above-quoted portion of the court's oral charge to the jury was in conflict with the rule laid down by the Supreme Court in the above case. The defendant, however, did not see proper to reserve his exception to that part of the charge which violated the rule above referred to, but to the entire portion of the court's oral charge which we have above quoted as a whole.

As was said by this court in the case of *Maxwelll v. State,* 3 Ala. App. 169, 57 South. 505: "One sentence in

[Pugh v. The State.]

the part of the oral charge to which exception was taken may be subject to criticism, and it may be, as claimed by counsel for the defendant, that it is vicious because it violates that provision of the Code (section 5362) which prohibits the court, ex mero motu, from charging the jury upon the weight of the evidence.—*White v. State,* 111 Ala. 92, 21 South. 330. The other parts of that portion of the oral charge to which the exception was taken were not subject to that or any other objection. The objection of the defendant to the oral charge of the court was therefore not well taken."

Undoubtedly the only portion of that part of the oral charge of the court which we have above quoted which was subject to criticism on the part of the defendant is the last half of the second sentence, and, as the defendant saw proper to reserve his exception to the quoted portion of the oral charge of the court as a whole, a part only of which was subject to criticism, his exception falls to the ground. He should have reserved his exception to so much of the oral charge of the court as instructed the jury that in weighing the defendant's testimony they must take into consideration the fact that he is the defendant and interested in the result of the case. This the defendant failed to do, and, failing to do so, he did not call the court's attention specifically to the particular portion of the charge which was subject to objection. Had he done so, the court might have corrected the error complained of.—*S. & N. A· R. Co. v. Jones,* 56 Ala. 507; *Birmingham Ry., L. & P. Co. v. Murphy,* 2 Ala. App. 588, 56 South. 817.

3. In his oral charge to the jury the trial judge said, among other things: "It is not controverted but that the defendant had under his control some live stock—that is, horses and cattle—and that this was a stock law district down there, and that these stock were prohibited

from running at large." The above statement of the trial judge was a mere statement of fact which was shown by all the evidence without dispute, and which the court therefore had a right to make.—*Miller v. The State,* 107 Ala. 40, 19 South. 37·

There is no error in the record. The judgment of the court below is affirmed.

Affirmed.