# Naugher *v.* The State.

## *Murder.*

(Decided December 19, 1912. 60 South. 458.)

1. *Homicide; Evidence; Dying Declarations.*—Where the deceased had received a severe abdominal knife wound, and repeatedly stated that he did not expect to get well, but that he was going to die, evidence of his declarations was properly admitted as dying declarations.

2. *Charge of Court; Abstract.*—Where it was not made to appear that all of the witnesses for the state were prejudiced against the defendant, a charge asserting that if the state's witnesses exhibited anger or prejudice, their testimony may be disregarded altogether, if it appears unworthy of credit and belief, was properly refused, in that it referred to all of the state's witnesses instead of to those prejudiced.

APPEAL from Tuscaloosa County Court.

Heard before Hon. HENRY B. FOSTER.

Wert Naugher was convicted of manslaughter in the first degree, and he appeals. Affirmed.

Charge A is as follows: "The court charges that if the state's witnesses have exhibited prejudice or anger against the defendant, and satisfied you that they have not testified truly and are not worthy of belief, and you think their testimony should be disregarded, you may disregard it altogether."

RICE & VANDEVOORT, for appellant. The court erred in admitting the statements of deceased as dying declarations.—*Justice v. The State,* 99 Ala. 181; *Kilgore v. The State,* 74 Ala. 1; *Word v. The State,* 78 Ala. 441; *Hussey v. The State,* 87 Ala. 121; *Hammil v. The State,*

90 Ala. 577; *McEwen v. The State,* 152 Ala. 38; *Titus v. The State,* 117 Ala. 16. Charge A was improperly refused.—*Hammond v. The State,* 147 Ala. 79; *Jackson v. The State,* 57 South. 594; *Burkett v. The State,* 154 Ala. 19.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The rule for the admission of the statements as dying declarations was strictly adhered to.—*Hussey v. The State,* 87 Ala. 128; *Blackburn v. The State,* 98 Ala. 65; *Pate v. The State,* 150 Ala. 16; *Heninburg v. The Staet,* 153 Ala. 17, and authorities cited in appellant's brief. Charge A was properly refused.—*Hammond v. The State,* 147 Ala. 79.

PELHAM, J.—A proper predicate was shown for the admission of the dying declaration testified to by the witness J. P. Ellidge. The witness testified that the declarant, while confined to his bed with a serious knife wound inflicted in the abdomen, from the effects of which he died in about six weeks, told him that he was "going to die," that he "never expected to get well," and wanted to make the statement before he died. This was sufficient to show that the declarant was impressed with the belief that death was impending, and that he could not possibly recover, and constituted sufficient proof to comply with the rule as to a proper predicate to make the dying declaration admissible. The statement made by declarant, "I am going to die," distinguishes this case from *Titus' Case,* 117 Ala. 16, 23 South. 77, cited by appellant.—*McEwen v. State,* 152 Ala. 38, 42, 44 South. 619. See, also, *Johnson v. State,* 169 Ala. 10, 53 South. 769; *Heninburg v. State,* 151 Ala. 26, 43 South. 959; *Brown v. State,* 150 Ala. 25, 43 South. 194; *Greg-*

*ory v. State,* 148 Ala. 566, 42 South. 829; *Walker v. State,* 146 Ala. 45, 41 South. 878; *Walker v. State,* 139 Ala. 56, 35 South. 1011; *Ex parte Key,* 5 Ala. App. 274, 59 South. 331.

Charge A differs from the charges of a similar character passed on in the cases of *Hammond v. State,* 147 Ala. 79, 41 South. 761, *Jackson v. State,* 5 Ala. App. 306, 57 South. 594, and *Burkett v. State,* 154 Ala. 19, 45 South. 682, in that the charges in those cases are limited to *any* state's witness who had, through an exhibition of prejudice, bias, or anger, satisfied the jury that he had not testified truly and was not worthy of belief. Charge A has a sweeping reference to, and is predicated upon, *all* of the state's witnesses, and the court cannot be put in error for refusing this charge, unless all of the state's witnesses in their testimony evidenced some show of prejudice or anger against the defendant. It cannot be said that this is true, for there is no indication or intimation to be gathered from the evidence of some of the state's witnesses that they exhibited any prejudice, anger, or ill will against the defendant. No contention was made on the trial to that effect with respect to all of the state's witnesses, and no attempt to show it as to all of them. The charge, viewed in the light of the evidence, had a tendency to raise a question as to some of the state's witnesses that was not involved or at issue on the trial, and as applied to these witnesses the charge was not based on the evidence and was abstract. The trial court should not be put in error for refusing a charge raising a question or matters not at issue on the trial, or that is abstract.—*Washington v. State,* 155 Ala. 2, 46 South. 778; *Pate v. State,* 150 Ala. 10, 43 South. 343; *Montgomery v. State,* 160 Ala. 7, 49 South. 902. It was held in *Wright's Case,* 156 Ala. 109, 47 South. 201, that this

charge, approved in *Burkett's Case, supra,* was properly refused in the former case, because abstract.

Counsel for appellant discuss and insist on only those propositions we have considered. An examination of the record does not show reversible error, and the case will be affirmed

Affirmed.