# Chestnut v. The State.

### Assault with Intent to Murder.

(Decided February 11, 1913.   Rehearing denied April 8, 1913.
61 South. 609.)

1. *Appeal and Error; Harmless Error; Evidence.*—Where a fact is proven by other evidence received without objection and not denied by the defendant, the admission of evidence of such a fact, if error, is harmless.

2. *Evidence; Res Gestae.*—Where there was but one difficulty, the testimony of a witness that the shot missed her but struck her daughter, was admissible as part of the res gestae.

3. *Charge of Court; Misleading.*—A charge asserting that if any of the state's witnesses have exhibited malice or anger against the defendant, or have testified to contradictory statements, thereby satisfying the jury that they have not testified truly, and are not worthy of belief, and the jury think their testimony on these beliefs may be disregarded, the jury may disregard it altogether is misleading and properly refused.

4. *Same; Argumentative.*—A charge asserting that if the jury would not be willing to act on the evidence in relation to matters of the most solemn importance to their own interest, they must find accused not guilty, is purely argumentative, and properly refused.

5. *Same; Covered by Those Given.*—The court is not required to give written charges substantially covered by requested instructions already given.

6. *Same; Abstract.*—Where the state's witness was a physician who had treated defendant voluntarily at her request, and did not in his evidence, evince any unfriendliness to her or show any bias or prejudice against her, a charge asserting that if such state's witness exhibited prejudice or anger against the defendant, and did not testify truly, the jury might disregard his testimony, was abstract and properly refused.

7. *Assault With Intent to Murder; Elements.*—An intent to commit murder is an essential element of the offense of an assault with intent to commit murder, but it is sufficient to constitute the offense if the assault would have resulted in murder in either degree if it had not failed of its intent, and had terminated fatally.

8. *Same; Opprobrious Words.*—Opprobrious words can never reduce an unlawful homicide from murder to manslaughter, and hence, sudden passion from an immediate insult is not enough to repel the imputation of malice under a charge of assault with intent to murder.

APPEAL from Shelby County Court.
Heard before Hon. E. S. LYMAN.

Creola Chestnut was convicted of assault with intent to murder, and she appeals.   Affirmed.

The assault is alleged to have been made on Alleen Denson by shooting at her, and the witness Denson was permitted to state that the shot missed her, but hit her daughter.

Charges refused to the defendant are as follows:

(1) "The court charges the jury 'that if the state's witnesses have exhibited prejudice or anger against the defendant, and satisfied you that they have not testified truly, and are not worthy of belief, and you think their testimony should be disregarded, you may disregard it altogether."

(3) "If any of the state's witnesses have exhibited malice against the defendant or anger, or have testified to contradictory statements, and thereby satisfied the jury that they have not testified truly, and they are not worthy of belief, and the jury think their testimony on these beliefs may be disregarded, they may disregard it altogether."

(5) "If you should not be willing to act upon the evidence in this case in relation to matters of most solemn importance to your own interest, then you should find the defendant not guilty."

(6) Practical duplicate of 5.

(M) "The court charges the jury that, if you believe from the evidence that Alleen Denson at the time of the shooting used opprobrious language to the defendant, the jury may consider such words as bearing upon whether or not the shooting was maliciously done."

(N) "The court charges the jury that you may look to the fact, if it be a fact, that Alleen Denson used opprobrious language addressed to defendant at the time of the shooting as a rebuttal of malice."

(O) Practically same as N.

[Chestnut v. The State.]

(P) Same as N, except that it uses the word "cursed," instead of opprobrious language.

RIDDLE, ELLIS, RIDDLE & PRUET, for appellant. If the state's witnesses in a criminal prosecution exhibit prejudice or anger against the defendant while testifying and satisfies the jury that they have not testified truly and are not worthy of belief, and if the jury think their testimony should be disregarded, the jury may disregard it altogether.—*Adams v. State*, 57 South. 591. If the state's witnesses exhibit malice or anger against the defendant or testify to contradictory statements and thereby satisfy the jury that they have not testified truly and that they are not worthy of belief, the jury may disregard this testimony, if they think on these beliefs it should be disregarded.—*Jackson v. State*, 57 South. 596. In a criminal prosecution, before the jury is authorized to convict the defendant, the jury must be willing to act upon the evidence, if it were in relation to matters of solemn importance to their own interest.—*Martin v. State*, 56 South. 64; *Perkins v. State*, 56 South. 63. When in a criminal prosecution for assault with intent to murder, the defendant pleads "*self-defense*" and shows certain elements thereof, the burden is then on the state to prove beyond all reasonable doubt from the evidence in the case that the defendant was at fault in bringing on the difficulty and that the deceased was not at fault in bringing it on.—*Green v. State*, 39 South. 365. Malice is a necessary ingredient of the crime of assault with intent to murder.—*Williams v. State*, 77 Ala. 53; *Crawford v. State*, 86 Ala. 16.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Charge 1 was abstract.—*Naugher v. The State*, 6 Ala. App. 3.

Charges 5 and 6 are in the same class. Charge 3 is erroneous.—*Prater v. The State,* 107 Ala. 28. Opprobrious words are no defense to a charge of assault with intent to murder.—*Weaver v. The State,* 1 Ala. App. 48; *Compton v. The State,* 110 Ala. 24; *Smith v. The State,* 103 Ala. 4. Charges M and P were, therefore, properly refused.

PELHAM, J.—The refusal of the court to exclude that part of the answer of the state's witness Alleen Denson to the effect that, when shooting at the witness, the defendant shot her daughter, was without prejudice to the defendant, as this fact was shown by the testimony of other witnesses without objection, was not denied by the defendant, and was without conflict in the evidence. Besides, there was but one difficulty, and the matter testified to was part of the res gestae.—*Me-Coombs v. State,* 151 Ala. 7, 43 South. 965. Charge No. 1 is abstract, in that it includes all the state's witnesses. —*Naugher v. State,* 6 Ala. App. 3, 60 South. 458.

It is not clear what is meant by the language used in charge No. 3, "and the jury think their testimony on these beliefs should be disregarded," etc. The charge is involved and confusing, and calculated to mislead the jury. Such charges are properly refused.—*Hill v. State,* 156 Ala. 3, 46 South. 864; *Rigsby v. State,* 152 Ala. 9, 44 South. 608.

Charges 5 and 6 are argumentative, and are of that class of charges which may be either given or refused without the court's thereby being put in error.—*Phillips v. State,* 162 Ala. 14, 50 South. 194; *Amos v. State,* 123 Ala. 50, 26 South. 524; *Montgomery v. State,* 169 Ala. 12, 53 South. 991.

The proposition of law embodied in requested charges AA and S is covered by given charge D.

Charges M, N, O, and P are not correct expressions of the law. An intent to murder is an essential element of the offense charged, and it is sufficient to constitute the offense if the assault, if it had not failed of its intended effect and had terminated fatally, would have resulted in murder in either degree.—*Lawrence v. State,* 84 Ala. 424, 5 South. 33. And, as opprobrious words can never reduce an unlawful homicide from murder to manslaughter (*Smith v. State,* 103 Ala. 4, 15 South. 843), it follows that "sudden passion from an immediate insult" is not enough to repel the imputation of malice under a charge for assault with intent to murder.—*Lane v. State,* 85 Ala. 11, (4 South. 730.)

We have discussed all the matters insisted upon as error in brief of counsel for the appellant, and discover no reversible error in the record, and the case will be affirmed.

Affirmed.

## ON APPLICATION FOR REHEARING.

The appellants counsel in their application for a rehearing in this case make earnest insistence that charge No. 1 requested by the defendant and refused is not abstract, and that it should have been given, even though it includes and applies to all of the state's witnesses.

The evidence set out in the record shows that the participants in the difficulty resulting in the assault for which the defendant was being prosecuted were colored women, and that one of the state's witnesses was a practicing physician, a white man, who testified as an expert with respect to the location of the wound, etc., on the body of one of the parties that had been shot during the progress of the difficulty. The doctor also testified as to the weak and run-down condition physically of the

defendant, and it was shown that he was the physician who had been regularly attending the defendant by her voluntary selection and choice for some time, and there is nothing indicating unfriendliness to the defendant in the relations occupied and the attending circumstances from the data furnished, and nothing shown by the evidence on direct or cross-examination from which an exhibition of prejudice or anger or ill will or bias against the defendant could be imputed to this state's witness. It appears as to this witness (to pretermit unnecessary discussion of the testimony of any of the other state's witnesses) that the charge was certainly abstract, and it is well settled in this state that the trial. court will not be put in error for refusing to give a charge that is abstract. The Supreme Court refused to put the trial court in error for refusing a charge of this same character when abstract as applied to the evidence, and affirmed the case in which it was refused, even though the charge was limited to any of the states witnesses, and did not include all of the witnesses, as does charge 1 in the instant case.—*Wright v. State,* 156 Ala. 109, 47 South. 201. Whether or not the trial court will be put in error for refusing to give a charge embodying this rule of law because abstract necessarily depends upon the facts in the particular case under consideration; and while the charge was held not to be abstract as applied to the facts in the case of *Adams v. State,* 175 Ala. 8, 57 South. 591, we find from the facts in this case that the charge, having reference to and including as it does all of the states witnesses, is abstract, and we do not think the trial court should be put in error and the case reversed for the refusal of the court to give the charge in this case. The rule of law embodied in the charge under consideration could easily have been framed so that it would not be open to the vice pointed out, and

[Sellers v. The State.]

yet given the defendant the full benefit to be derived from an instruction on the subject, but the charge as written has reference to and includes all of the state's witnesses, and the trial court should not be put in error for refusing it when it is abstract as referred to one or more of the state's witnesses. As said by the writer in the opinion of the court in *Naugher v. State, supra*, 60 South. 458, when practically the same charge was under consideration: "The charge, viewed in the light of the evidence, had a tendency to raise a question as to some of the state's witnesses that was not involved or at issue on the trial, and as applied to these witnesses the charge was not based on the evidence, and was [therefore] abstract. The trial court should not be put in error for refusing a charge raising a question or matters not at issue on the trial, or that is abstract."—*Naugher v. State, supra*, and authorities there cited.

The application for a rehearing is overruled.