# Shiver *v*. The State.

## *Violating Prohibition Law.*

(Decided June 17, 1915.   69 South. 238.)

1. *Evidence; Judicial Notice; Court Officials.*—The courts take judicial notice as to who is the presiding officer of the court from which the appeal is taken.

2. *Indictment and Information; Motion to Quash; Minutes.*—Where the minutes of the circuit court show that the judge charged by law, with presiding over the court, was present and signed the order adjourning the regular fall term, and calling the special term, this was sufficient as against a motion to quash an indictment, to show that the court was presided over by a judge legally authorized to hold the term to which the indictment was returned.

3. *Same; Quashing; Ground.*—Under Acts 1909, p. 315, section 23, no objection can be taken to an indictment on any ground going to the formation of a grand jury which returned it, except by a plea in abatement; hence, a motion to quash based on such ground was properly overruled.

4. *Appeal and Error; Review; Harmless Error; Notice of Special Term.*—Where the defendant appeared and failed to show that he had been injuriously affected by a failure of the clerk to mail to him a copy of the order calling the special term, as required by section 3253, Code 1907, the error of the clerk in failing to give such notice was not prejudicial.

5. *Trial; Remarks of Judge.*—Statements of the trial judge at the special term at which defendant was tried, and before he was put on trial, made in the presence of the jury, that such adjourned term was called to try cases against defendants indicted at the regular term, who had absented themselves in order to postpone trial until the following fall, but that defendants should not be permitted to determine the time of their trial, were not an abuse of discretion ; such remarks being general and referring to no particular case, and to no particular defendant, and containing no intimation that the jury should convict unless they believed beyond a reasonable doubt that those defendants put on trial were guilty.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Bige Shiver was convicted of violating the prohibition law, and he appeals. Affirmed.

The bill of exceptions recites that upon impaneling the juries for the special term the court stated in their pres-

ence that the adjourned term was called for the purpose primarily of trying cases against the parties who had been indicted by the grand jury at the regular fall term, 1913, of the circuit court, at the Elba division, who had absented themselves from the county, and evaded the efforts of the sheriff to arrest them on the indictment returned by the grand jury; after having ascertained in some way that indictments have been returned against them, and seeking in that way to postpone the trial of their causes until the next term of the court; that defendants could not be permitted to say when they would be tried, but that their cases were set for trial by the court, and the time fixed by the court. It further appeared that the court did not mention the names of any defendants, nor make any reference as to any charges.

W. L. PARKS, and M. A. OWEN, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

PELHAM, P. J.—(1, 2) The minutes of the circuit court shown by the transcript of the record filed here, as supplemented by the returns made by the clerk of that court in response to certiorari issued out of this court, show that Hon. H. A. Pearce, judge of the Twelfth judicial circuit, whom we judicially know to be the presiding officer of that court, was present at the regular fall term, 1913, of said court, when the indictment was returned, and that he, as such presiding officer, signed the order adjourning the regular term on September 25, 1913, and calling a special or adjourned term of the court to be held commencing October 22, 1913. The minutes of the regular fall term, 1913, of the circuit court at which the indictment was returned, showing, as they

·do, that the judge charged by law with presiding over the court was present in attendance upon the court and signed the orders of the court at that term, are sufficient, when taken in connection with the presumption which attaches to an officer doing his official duty as charged by law, to show that the court was presided over by a judge authorized by law to hold the same at the term to which the indictment was returned, and the trial court properly overruled the motion to quash the indictment based on that ground.

(3) No objection to an indictment on any ground going to the formation of the grand jury which returned it can be taken except by plea in abatement, and the grounds of the motion to quash based on such matters are not well taken.—Acts 1909, p. 315, § 23; *Askew v. State,* 6 Ala. App. 22, 60 South. 455.

(4) It is not shown by anything set out in the bill of exceptions that proof was made or offered to support the objection made by defendant to being put on trial at the special term because not served with notice as required by section 3253 of the Code, and, for aught appearing, the court overruled the objection because of failure to sustain the objection by proof of the facts. The purpose of this statute is to give the parties notice of the trial, and, if a party appears and does not show that he has been injured by failure to give the notice, no prejudicial error results. It was not contended that injury resulted by reason of a failure of the clerk to mail to the defendant or his attorney a copy of the order for the special or adjourned term, and no prejudicial error authorizing a reversal could result from the court's overruling the objection and putting the defendant on his trial.

[Shiver v. The State.]

(5) The statement of the court made at the special term at which the defendant was tried, made in the presence of the jury, before the defendant was put on trial, that was made a ground of objection by the defendant to being put on trial, does not show such an abuse of the discretion of the court in such matters as to call for a reversal of the judgment. The remarks were general, and referred to no particular case or defendant whose case was set for trial, and in no part of the re-marks made was there an intimation that the jury should convict any defendant whose case was set for trial at the special term unless they were convinced from the evidence beyond a reasonable doubt that the defendant was guilty, nor was there anything suggesting an opinion of the court as to the guilt of the defendant. There was nothing in the explanatory remarks of the court as to the reasons for calling the special term, made in the presence of the jury, calculated to impair the defendant's right to a fair trial. See *Scott v. State*, 3 Ala. App. 142, 57 South. 413.

The evidence was ample to support the verdict and judgment of conviction. No question was raised on the trial on the admission of the evidence, and no charges are set out in the transcript.

The record shows no reversible error.

Affirmed.