# Stadt *v.* The State.

### Violating Prohibition Law.

(Decided June 6, 1916.   72 South. 212.)

**Appeal and Error; Review; Presentation Below.**—Where the ground of a motion to exclude the testimony of the state and direct a verdict for defendant, is so unintelligently stated as not to apprise the court as to the point sought to be raised, or to raise any point of law, it will not be reviewed on appeal.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WM. E. FORT.

O. E. Stadt was convicted of violating the prohibition law, and he appeals. Affirmed.

The matter presented is as follows:

"Mr. Glover: "I make a motion to exclude the testimony of the state and give a general charge for defendant on the ground that there is a variance between the indictment and the law governing; that the Fuller and Carmichael laws are still in force, except when actually rescinded by the Smith & Parks bills, and it was recently decided in a case that went up from this county, and has also been decided previously in 61 Southern Reporter.

[Stadt v. The State.]

I will read from my copy: (Reads authority.) The court over-ruled the motion, defendant excepts."

MR. GLOVER, for appellant. W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

PELHAM, P. J.— (1, 2) The defendant was charged with and convicted of selling spirituous, vinous, or malt liquors contrary to law. The record contains a bill of exceptions, but neither it nor any other part of the record presents any question for review. While the bill of exceptions contains a recital to the effect that at the conclusion of the evidence for the state the defendant's counsel moved to exclude it and asked the court for the affirmative charge on the ground (quoting) "that there is a variance between the indictment and the law governing," which motion and request the court denied, to which defendant excepted, yet, the ground of the motion and request so denied is so unintelligently stated as not to apprise either us or the lower court as to the point sought to be raised, and not to raise any point of law. Hence there is nothing to review. No demurrer was filed to the indictment, and none could successfully have been, and the form employed was sufficient to cover an offense committed either during state-wide prohibition or local option (*Scott v. State*, 3 Ala. App. 143, 57 South. 413), and we fail, therefore, to see how, if this was the point attempted to be raised, there was any variance between the allegations of the indictment and the evidence offered to sustain it, which tended to show a sale; and this regardless of whether the law in force in Jefferson county at the time of the sale prohibited sales entirely or prohibited them except by licensed dealers. Defendant offered no proof tending to show that he was a licensed dealer. It was for the jury to say, under the evidence, whether he made the sale.

It follows that the judgment of conviction must be, and is, affirmed.

Affirmed.