(93 South. 57)

**WILLIAMS v. STATE. (7 Div. 795.)**

(Court of Appeals of Alabama. Feb. 7, 1922. On Rehearing, May 9, 1922.)

1. **Criminal law ⊗⟹1166½(12)—Reprimanding jury of same panel as accused's jury for failure to convict in another case not prejudicial.**

In a prosecution for murder, the fact that the court, the day before accused was put upon trial, reprimanded a jury for failure to convict in a prohibition case, of and in the presence of the panel from which accused selected his jury, in the absence of objections or motion for continuance, *held* not prejudicial.

2. **Criminal law ⊗⟹758—Use of word "are" in charge held not of same force as "must," and not error, as invading province of jury.**

Where the court charged, "But the law says you are to take his testimony in the light

of the fact that he is a defendant and interested in the result of your verdict," the use of the word "are" *held* not to have the same force as the word "must," and therefore not bad, as invading the province of the jury.

[Ed. Note.—For other definitions, see Words and Phrases, First Series, Are; First and Second Series, Must.]

3. **Criminal law ⊗⟹822(13)—Charge as to sufficiency of evidence as to self-defense held proper, in view of charge as a whole.**

In a prosecution for murder, the court's oral charge that the burden rested with defendant, on his plea of self-defense, to offer the jury evidence that would satisfy it, taken in connection with the remainder of the charge, that if the evidence offered by accused was sufficient, or that offered by the state insufficient, to convince the jury beyond a reasonable doubt of the guilt of accused on the whole case, considered as a whole, it was the duty of the jury to acquit him, *held* proper.

On Rehearing.

4. **Homicide ⊗⟹300(1)—Refusal of court to charge on law of self-defense held reversible error.**

In a prosecution for murder, under a plea of self-defense, it was reversible error to refuse to charge that, if the circumstances attending the killing justified a reasonable man in the belief that he was in danger of great bodily harm or death, and that he could not have retreated without adding to his peril, and defendant honestly believed such to be the case, then he had the right to kill deceased in his own defense, although he was not in actual danger, and retreat would not have endangered his personal safety.

Appeal from Circuit Court, Cherokee County; O. A. Steele, Judge.

William Williams was convicted of murder in the second degree, and he appeals. Reversed and remanded on rehearing.

The following is charge 7, refused to the defendant:

(7) The court charges the jury that it is not necessary under the evidence in this case that defendant should have been actually in danger of death or great bodily harm at the time he fired the fatal shot, or that retreat would have really increased his peril, in order for him to have been justified in shooting deceased. He had the right to act on the appearance of things at the time, taken in the light of all the evidence, and he had the right to interpret the conduct of deceased in the light of his known turbulent and violent character, if such it was. If the circumstances attending the killing were such as to justify a reasonable man in the belief that he was in danger of great bodily harm or death, and that he could not have retreated without adding to his peril, and he honestly believed such to be the case, then he had the right to fire the fatal shot in his own defense, although as a matter of fact he was not in actual danger, and retreat would not have endangered his personal safety; and if the jury be-

lieve that the defendant acted under such conditions and circumstances as above set out, the burden of showing that he was not free from fault in bringing on the difficulty was on the state, and, if not shown, the jury should acquit the defendant.

Hugh Reed, of Center, for appellant.

The court erred in not granting a new trial. 182 Ala. 51, 62 South. 737, Ann. Cas. 1915D, 663; 54 Ala. 263. There was error in the oral charge of the court. 2 Ala. App. 139, 57 South. 144; 100 Ala. 80, 14 South. 864. The court was in error in charging that the jury must take into consideration the fact that the defendant was interested in the result of the verdict, and view his testimony in that light. Section 5362, Code 1907; 4 Ala. App. 148, 58 South. 936; 167 Ala. 1, 52 South. 464. Charge 7 should have been given. 201 Ala. 441, 78 South. 819; 161 Ala. 16, 49 South. 854.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The defendant was indicted for and convicted of murder in the second degree, and sentenced to the penitentiary for 12 years.

[1] There was no objection to the introduction of any of the testimony, and the defendant relies for error upon his exceptions to certain portions of the oral charge of the court, to the action of the court in refusing certain charges requested by him in writing, and upon the action of the court in overruling his motion for a new trial. Considering first the action of the court in refusing to grant the motion for a new trial, appellant's counsel earnestly insists that the defendant was deprived of a fair and impartial trial on account of a reprimand of a jury by the court for returning a verdict of not guilty in a prohibition case the day before defendant was put upon his trial. Counsel insist that the conduct of the court in so reprimanding a jury for returning a verdict of not guilty, being a part of the panel or venire, and in the presence or hearing of the entire panel, from which he had to select a jury to try the defendant, served in a manner to coerce or force the jury that did try him, under a fear of a probable like reprimand, not to give to his case that fair and impartial consideration guaranteed him under the law.

Should we arrive at the conclusion, under all the facts in this particular case, that probably the action of the trial court did enter into the consideration of the verdict reached in the case at bar, we hardly see how the defendant has brought himself in a position to invoke such aid. He doubtless was aware of all of these facts he would now summon to his aid when his case was called for trial, and if he asked for a continuance,

or objected to going to trial on this or any other ground, the record fails to disclose it, and, failing to disclose it, we presume no such action was taken on his part, and he, having speculated, so to speak, on the action of the jury, and not having objected, cannot now be heard to complain. But, aside from this, this court and the Supreme Court have passed upon similar, if not stronger, facts claimed by the defendant as working to his detriment, and depriving him of a fair and impartial trial, and in each case has ruled against such contention on the part of the defendant. The reasoning in these cases is sound, and we would not, if we could, depart from them. Scott v. State, 3 Ala. App. 142, 57 South. 413; Shiver v. State, 13 Ala. App. 258, 69 South. 238; Landthrift v. State, 140 Ala. 114, 37 South. 287.

[2] The defendant excepted to the following portion of the court's oral charge:

"But the law says you are to take his testimony in the light of the fact that he is the defendant, and interested in the result of your verdict, and consider his testimony in the light of the fact that he is interested in your verdict."

Appellant relies on the cases of Pugh v. State, 4 Ala. App. 144, 58 South. 936, and Tucker v. State, 167 Ala. 1, 52 South. 464, as supporting his contention that in this part of the charge the court committed reversible error. It is true that it is invasive of the province of the jury for the court to charge that, in weighing the defendant's testimony, they *must* take into consideration the fact that he is the defendant and interested in the result of the case; but we are unwilling to give to the word "are" the same force as the word "must," as it is used in that part of the court's oral charge excepted to. It may be that its use in the above was misleading; but it was open to him, and, if the defendant felt aggrieved at its use, he should have asked an explanatory charge along this line, but, used as it was, it cannot be said to be the equivalent of "must," and the charge on this account will not be held to be bad.

[3] The defendant excepted to the following part of the court's oral charge:

"Gentlemen of the jury, the burden rests with the defendant, on his plea of self-defense, to offer you evidence that satisfies you."

It may be that this one part of the sentence in the court's oral charge, to which exception was taken, was subject to criticism, but taking it in connection with the other part of the oral charge makes it free from error and correctly states the law. In this connection the charge was as follows:

"Gentlemen of the jury, the burden rests with the defendant, on his plea of self-defense, to offer you evidence that satisfies you, and if the evidence offered by him is sufficient, or if the evidence offered by the state is insufficient, so that you are not convinced beyond a reasonable

doubt of his guilt on the whole case, taking the plea of self-defense and the evidence offered by the state, considering it as a whole, if you have a reasonable doubt of the defendant's guilt, it is your duty to acquit him."

Written charge 1, was properly refused. Burkett v. State, 154 Ala. 19, 45 South. 682. Written charges 2 and 3 are substantially covered by the court's oral charge. Refused written charge 4 is abstract, in that it includes all of the state's witnesses, and was properly refused in this case. Naugher v. State, 6 Ala. App. 3, 60 South. 458; Chestnut v. State, 7 Ala. App. 72, 61 South. 609; Wright v. State, 156 Ala. 109, 47 South. 201. As to any witness who was shown by the testimony to have been biased or interested, the manner in which such testimony was to be weighed and considered was fully covered by the able charge of the presiding judge. Charges 5, 6 and 7 were covered by the court's oral charge.

We have examined the record, and find no reversible error. The judgment of conviction must therefore be affirmed.

Affirmed.

### On Rehearing.

[4] Refused charge 7 has met with the approval of the Supreme Court in a long line of decisions from Bluett's Case, 151 Ala. 41, 44 South. 84, down to the present; the latest being Teel v. State (Ala. App.) 92 South. 518,[1] wherein this court followed the holding of the Supreme Court, and, on appeal by the state, the Supreme Court again gave its approval of such a charge. Ex parte State ex rel. Attorney General, 207 Ala. 349, 92 South. 606.

Upon a reconsideration of the court's oral charge, we are unwilling to declare that it fairly and substantially covers the matters set out in charge 7, and for this reason the application for rehearing is granted, judgment of affirmance is set aside, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

---

☞For other cases see same topic and KEY-NUMBER in all-Key-Numbered Digests and Indexes